## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.H. and J.H.**

**No. 22-561** (Harrison County 21-JA-291-2 and 21-JA-292-2)

## MEMORANDUM DECISION

Petitioner Father E.H.[1] appeals the Circuit Court of Harrison County's May 31, 2022, order terminating his parental and custodial rights to K.H. and J.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November of 2021, the DHHR filed a petition alleging that petitioner failed to provide J.H. with proper medical care and food after that child was discharged from the neonatal intensive care unit following a six-month stay. Because of petitioner's neglect, the child was readmitted to the hospital due to severe diaper rash causing "oozing sores on his bottom," redness around his gastrointestinal tube, and failure to gain weight.

In December of 2021, petitioner entered a written stipulation in which he admitted to many of the allegations in the petition and that he abused and/or neglected both children. The court accepted the stipulation and adjudicated petitioner as a neglectful parent in regard to both K.H. and J.H. The following month, petitioner filed a motion for a post-adjudicatory improvement period. However, the DHHR filed a case plan recommending termination of petitioner's rights because he denied the severity of J.H.'s medical neglect and was unable to understand the child's medical needs.

In April of 2022, the court held a dispositional hearing, during which petitioner admitted that he abused marijuana one week prior and was not participating in required classes to remedy the issues of neglect. The court also heard from the psychologist that performed petitioner's forensic evaluation, who testified that petitioner did not have the "capacity to care, protect, or

---

[1]Petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Jenna L. Robey appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

change in order to adequately provide for the children." According to the psychologist, petitioner "did not believe he had done anything wrong." The court also heard from several of petitioner's service providers, who indicated that petitioner was inappropriate during his visits with the children, including one incident in which he made racist remarks. One provider described petitioner as detached, as he spent most of one visit with the children on his phone. Testimony further established that petitioner made no improvement during his services and that services were permanently terminated because petitioner was "not taking the meetings seriously or trying to address any of [his] current issues." Finally, a Child Protective Services worker testified that petitioner continued to deny that there were issues during visits and did not believe the issues with the children were serious.

Based on the evidence, the court denied petitioner's motion for an improvement period and found that petitioner "refused to fully commit to getting the help necessary to aid [him] in properly parenting the children as evidenced by [his] failure to meaningfully participate in the services offered . . . by the WVDHHR." The court also found that petitioner did not "truly acknowledge the issues that brought about the filing of the [p]etition" and that he took "no steps to attempt to rectify those issues, and instead continue[d] to blame others and minimize the problem." Accordingly, the court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect at issue and that the children's best interests required termination of petitioner's parental and custodial rights. As such, the court terminated petitioner's parental and custodial rights to the children.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, petitioner argues that the circuit court erred in denying his motion for an improvement period. While petitioner argues that he should have been entitled to an improvement period because he was participating in services, this argument ignores the fact that some of petitioner's services were suspended due to his noncompliance. Even more importantly, the court found that petitioner refused to acknowledge his neglect and its impact on the children. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Because petitioner refused to acknowledge the issues that needed to be corrected, we find no error in the court denying his motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (Permitting a circuit court discretion to deny an improvement period when no improvement is likely).

---

[3]The mother's parental and custodial rights were also terminated. The permanency plan for the children is adoption together in the current placement.

2

Next, petitioner argues that it was error to find that there was no reasonable likelihood that he could substantially correct the conditions of neglect in the near future because he had, in fact, already corrected these conditions. However, petitioner fails to provide any explanation as to how, exactly, he corrected these conditions or otherwise cite to the record in support of this bold assertion. On the contrary, the record is replete with evidence that the conditions for which petitioner was adjudicated continued unabated. Service providers testified that petitioner made no improvement during the proceedings and the psychologist that evaluated petitioner was unequivocal that petitioner did not possess the capacity to properly care for the children. As the court found, petitioner failed to follow through with the services offered, which is a situation in which there is no reasonable likelihood that the conditions of neglect can be substantially corrected. W. Va. Code § 49-4-604(d)(3). Because the court had ample evidence upon which to base this finding, we conclude that it was not in error.

Finally, petitioner argues that the DHHR failed to present evidence that termination of his rights was necessary for the children's welfare. Again, we disagree, as the record demonstrates that the circuit court considered a number of factors, including the children's tender ages. At the time of disposition, both children were less than two years old. As the circuit court noted,

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Cecil T., 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. The court was correct in finding that the children required termination of petitioner's parental and custodial rights in order to establish the necessary permanency for their development. Further, not only were the children of tender ages, but J.H. also suffers from many complicated health issues that petitioner was clearly unable to address.

Petitioner also asserts that severing the parent-child relationship is detrimental to the children. While it is true that maintaining that relationship would be the ideal outcome, petitioner ignores the fact that his conduct necessitated termination. Petitioner further argues that disposition under West Virginia Code § 49-4-604(c)(4) or (5) would have allowed him to later attempt to regain his rights, but he ignores the fact that these dispositions provide only for *temporary* measures, while the court explicitly found that permanency was required. We agree, and conclude that the court had a sufficient basis upon which to make the findings necessary to terminate petitioner's parental and custodial rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental and custodial rights upon finding that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental and custodial rights "without the use of intervening less

restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect . . . can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 31, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn